McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Jonathan W. Carlson
Nevada Bar No. 10536
 *jonathan.carlson@mccormickbarstow.com*
Cara T. Laursen
Nevada Bar No. 14563
 *cara.laursen@mccormickbarstow.com*
7160 Rafael Rivera Way, Suite 320
Las Vegas, Nevada 89113
Telephone:	(702) 949-1100
Facsimile:	(702) 949-1101

Attorneys for SOUTHWIND RISK RETENTION GROUP, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SOUTHWIND RISK RETENTION GROUP, INC, <br><br> Plaintiff, <br><br> v. <br><br> TO AUTO TRANSPORT, LLC, a Florida limited liability company, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, SOUTHWIND RISK RETENTION GROUP, INC. ("SOUTHWIND") by and through its counsel of record of the law firm of McCormick, Barstow, Sheppard, Wayte & Carruth, LLP, hereby submits its Complaint for Declaratory Judgment against Defendant TO AUTO TRANSPORT, LLC ("Defendant") as follows:

**I.**

**<u>INTRODUCTION</u>**

1. SOUTHWIND brings this action to obtain a judgment declaring that under the terms of the commercial automobile insurance policy issued by SOUTHWIND, its insured, Defendant To Auto Transport, LLC, is not entitled, nor is any other party entitled to any defense or indemnity for claims arising out of a motor vehicle accident that occurred in Las Vegas, Nevada on July 27, 2024.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

COMPLAINT FOR DECLARATORY RELIEF

2.      On or about July 27, 2024, Owner of Defendant To Auto Transport, LLC, Antonio Labrada Medina ("Medina"), while operating a 2022 RAM ProMaster Cargo Van, was involved in a rear-end collision at or near the intersection of Lone Mountain Road and Valley Drive in Las Vegas, Nevada (the "Incident").  Non-parties Mayelin Socarras Valle, Bryan Suarez Socarras, and Mileydis Suarez Rodriquez (collectively "Claimants") allege that they were rear-ended by Medina while travelling eastbound on Lone Mountain Road and approaching Valley Drive resulting in personal injury.

3.      At the time of the Incident, Medina admittedly was not engaged in the hauling of cargo or under dispatch, but rather on a personal trip to visit his brother who lives in Las Vegas, Nevada.

4.      After learning that there is no coverage if not under dispatch, Medina later recanted his earlier admission and asserted he was under dispatch at the time of the Incident.  However, he was unable to provide any information or documentation to evidence the same.

5.      The SOUTHWIND commercial automobile insurance policy issued to Defendant does not provide for coverage for property damage, bodily injury, or any other claim which arises from an occurrence where the vehicle is not deemed "under dispatch" or "not hauling cargo."

6.      Moreover, the SOUTHWIND commercial automobile insurance policy issued to Defendant is deemed void at any time, including after the occurrence of any accident or loss, if the insured makes incorrect statements or misrepresentations to SOUTHWIND with regard to any material fact or conceals or misrepresents any material fact or circumstance.

**II.**

**PARTIES**

7.      SOUTHWIND RISK RETENTION GROUP, INC. is an insurance corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in Wilmington, North Carolina.

8.      Upon information and belief, Defendant TO AUTO TRANSPORT, LLC is and was at all times relevant, a Florida limited liability company, with its principal place of business in Port Saint Lucie, Florida.

9. Upon information and belief, non-party claimant Mayelin Socarras Valle ("Mayelin") is and was at all times relevant, a resident of Las Vegas, Nevada, County of Clark.

10. Upon information and belief, non-party claimant Bryan Suarez Socarras ("Bryan") is and was at all times relevant, a resident of Las Vegas, Nevada, County of Clark.

11. Upon information and belief, non-party claimant Mileydis Suarez Rodriquez ("Mileydis") is and was at all times relevant, a resident of Las Vegas, Nevada, County of Clark.

## III.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because diversity of citizenship exists between SOUTHWIND on the one hand, and Defendant on the other, and because the amount in controversy exceeds $75,000.

13. This Court has specific personal jurisdiction as the underlying matter prompting SOUTHWIND's request for declaratory relief arises out of a motor vehicle accident that occurred at the intersection of Lone Mountain Road and Valley Drive in Las Vegas, Nevada. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (specific personal jurisdiction exists where there is an affiliation between the forum and the underlying controversy, such as activity or an occurrence that took place in the forum state). Defendant entered into a commercial automobile insurance policy with SOUTHWIND. Owner of Defendant To Auto Transport, LLC, Medina, while driving in Las Vegas, Nevada was thereafter involved in a motor vehicle accident. Non-parties Mayelin, Bryan, and Mileydis, all residents of Las Vegas, Nevada, subsequently asserted claims for damages of personal injury against Defendant seeking compensation from Defendant's SOUTHWIND insurance policy. Thus, by virtue of the underlying controversy having taken place in Las Vegas, Nevada, and Defendant having purposefully availed itself to the laws and protections of the State of Nevada, it thereby enables this Court to establish specific personal jurisdiction.

14. This Court may declare the rights and other legal relations of SOUTHWIND, on the one hand, and Defendant on the other hand, pursuant to 28 U.S.C. § 2201 because an actual controversy exists between them within the jurisdiction of the Court regarding the nature and extent

of the SOUTHWIND's obligations under its commercial policy, if any, with respect to the claims alleged by Mayelin, Bryan, and Mileydis.

15. Venue is appropriate pursuant to 28 U.S.C. § 1391(a) because a substantial portion of the acts or omissions giving rise to the request for Declaratory Judgment took place within this District.

### IV.

### FACTUAL BACKGROUND

**A.  The SOUTHWIND Commercial Automobile Insurance Policy**

16. SOUTHWIND RISK RETENTION GROUP, INC. issued a Commercial Automobile Insurance, Policy No. SWR-FL-0002142-23 to Defendant To Auto Transport, LLC with effective dates of November 15, 2023 to November 15, 2024 ("the Commercial Policy").[1]

17. The Commercial Policy provides for bodily injury limits of $750,000 combined single limit.

18. The Commercial Policy provides for the following relevant definitions:

**GENERAL DEFINITIONS**

**1. "Accident"** or **"Accidents"** means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes **bodily injury** or **property damage**.

[…]

**3. "Bodily injury"** means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.

[…]

**5. "Insured auto"**, **"Insured autos"** or **"your insured auto"** means:

    a.  Any auto specifically described on the **declarations page**;

[…]

**7. "Loss"** means sudden, direct and accidental loss or damage.

---

[1] A true and correct copy of the Commercial Insurance Policy is attached hereto as Exhibit "**1**".

[…]

**12. "Property damage"** means physical damage to, destruction of, or loss of use of, tangible property.

[…]

**16. "We"**, **"us"** and **"our"** mean the company providing this insurance as shown on the **declarations page**.

**17. "You"**, **"your"** and **"yours"** refer to the named insured shown on the **declarations page**.

Ex. 1.

19. Part I of the Commercial Policy states in pertinent part:

**PART I – LIABILITY TO OTHERS**

**INSURING AGREEMENT – LIABILITY TO OTHERS**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, we will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and covered pollution cost or expense, for which an insured becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, we will only pay for the covered pollution cost or expense if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

We will settle or defend, at our option, any claim or lawsuit for damages covered by this Part I. We have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

Ex. 1.

20. The Commercial Policy further sets forth certain limitations of coverage by notifying its insureds of all exclusions and the consequences if one applies. The Commercial Policy explicitly states:

**EXCLUSIONS: IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I – LIABILITY TO OTHERS. PLEASE READ CAREFULLY.**

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

21.     The Commercial Policy is amended by a "Limitation of Coverage to Scheduled Vehicles" endorsement, which states:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**LIMITATION OF COVERAGE TO SCHEDULED VEHICLES ONLY**

> This policy provides liability coverage only for those specific "autos" identified on the Schedule of Vehicles, which is part of the policy, either identified on the declaration page or the vehicle schedule, by make, model, year and VIN.

Ex. 1.

22.     Coverage is also limited to only those individuals scheduled and approved by SOUTHWIND.[2]  The endorsement stipulates:

**SCHEDULED DRIVER ENDORSEMENT**

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

> The Policy shall provide no coverage while a scheduled 'auto' is being used or operated by any individual other than the drivers listed in the Scheduled Driver Endorsement.  No coverage shall be provided under the terms of this Policy to any individual operating a scheduled 'auto' who has not been underwritten and approved by the Company and listed herein.

Ex. 1.

23.     Defendant's Owner and Driver Antonio Labrada Medina is scheduled as the only approved driver under the Commercial Policy.

24.     At all times relevant, Medina was operating a 2022 RAM ProMaster Cargo Van, bearing the Vehicle Identification Number 3C6MRVJG2NE120386 (the "Subject Vehicle").

25.     The Subject Vehicle is identified on the Schedule of Vehicles on the Commercial Policy.

26.     The Commercial Policy further provides for an exclusion of coverage where a claim

---

[2] Ex. 1.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

6
COMPLAINT FOR DECLARATORY RELIEF

for damage or bodily injury arises from an occurrence where the power unit is not under dispatch or is not hauling cargo at the time of the occurrence.

27. The Commercial Policy is amended by the "Non Trucker Liability Exclusion Endorsement" which specifically provides:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**NON TRUCKER LIABILITY EXCLUSION ENDORSEMENT**

The liability coverage of this policy is modified as follows: Any claim for property damage, bodily injury, or any other claim which arises from an occurrence where the power unit is not under dispatch or is not hauling cargo is excluded from coverage. This policy does not cover bobtail liability or any liability that arises when the power unit is not engaged in hauling cargo or under dispatch.

All other terms, conditions, exclusions and limitations of the policy remain in effect.

Ex. 1.

28. Finally, Section 11 of the General Provisions of the Commercial Policy entitled "Fraud or Misrepresentation" stipulates that SOUTHWIND may void the Commercial Policy at any time if the named insured makes incorrect statements, representations, or concealments of any material fact or circumstance.

29. Section 11 entitled "Fraud or Misrepresentation" provides:

This policy was issued in reliance upon the information provided on **your** insurance application. **We** may void this policy at any time, including after the occurrence of an **accident** or **loss**, if **you**:

a. Made incorrect statements or representations to us with regard to any material fact or circumstance;

b. Concealed or misrepresented any material fact or circumstance; or

c. Engaged in fraudulent conduct at the time of application. This means that **we** will not be liable for any claims or damages that would otherwise be covered.

> **We** may deny coverage for an **accident** or **loss** if **you** or any other insured knowingly concealed or misrepresented any material fact or circumstance or engaged in fraudulent conduct in connection with the presentation or settlement of a claim. **We** reserve all rights to indemnity against a person committing fraud or misrepresentation for all payment made and costs incurred.

Ex. 1.

B.  **The Underlying Motor Vehicle Accident & SOUTHWIND Investigation**

30. On or about July 27, 2024, Medina was involved in a rear-end collision at or near the intersection Lone Mountain Road and Valley Drive in Las Vegas, Nevada.

31. Non-party claimants Mayelin, Bryan, and Mileydis allege that while travelling eastbound on Lone Mountain Road and approaching Valley Drive, Medina rear-ended their 2006 Kia Sedona being driven by Mayelin, with Bryan and Mileydis as passengers.

32. Claimants allege that as a result of the Incident, the three individuals sustained bodily injuries and sought to recover damages from Defendant and made a claim seeking compensation from Defendant's Commercial Policy.

33. In furtherance of SOUTHWIND's investigation of Claimants' respective claims, Medina advised a SOUTHWIND representative that just prior to the Incident, he had completed delivery of cargo on behalf of Defendant in St. George, Utah and was *en route* to visit his brother in Las Vegas, Nevada to wait for another assignment.

34. Medina admittedly was not under dispatch and confirmed he did not have a pending assignment at the time of the Incident.

35. During the pendency of SOUTHWIND's investigation of Claimants' claims, SOUTHWIND conducted an examination under oath of Medina wherein Medina admitted under penalty of perjury to waiting to receive another assignment at the time of the Incident.

> Q. Okay. And what were you doing up in Nevada?
>
> A. I had just finished dropping off a load and **I was waiting to receive another one.**
>
> Q. Okay. Where did you drop off your last load?

> A. In like, what's the name, it was in Utah. In San Jorge [*sic*].[3]

36. Shortly thereafter, Medina completely contradicted his prior testimony by testifying that he already had a pickup order scheduled at the time of the Incident and he was merely going to his brother's residence to shower.

37. Medina was unable to recall any information about this purported scheduled assignment and has provided no information regarding this alleged assignment to SOUTHWIND in furtherance of its investigation of Claimants' claims.

> Q. Okay. Did you tell Cheryl on that phone call that you were going to Las Vegas to meet your brother?
>
> A. No, I didn't tell Sheryl that I was going to my brother's. What I said was that I was going – I was on my way to go to my brother's house to take a shower so that I could go pick up my load.
>
> Q. And when was that load scheduled to be picked up?
>
> A. I already told you that I don't remember what the pickup time was, but I told you that when I find out, **I'll tell you the exact date and time and place.**[4]

38. Despite SOUTHWIND's best efforts and Medina's testimony and contractual duty to provide the same,[5] SOUTHWIND has yet to receive any further information, including the "exact date and time and place" of Medina's next assignment on the day of the Incident.

39. Medina further testified under oath:

> Q. Mr. Labrador [*sic*], I'm not quite following what it is that you just said to me. Who doesn't want to take responsibility and for what?
>
> A. Okay. What I mean is that they keep saying things, making up things to say that I'm guilty. Well, I am guilty, but they don't want to take responsibility. They want to find other reasons, whether I had a load or I didn't have a load. **So what she told me is that when I was in Las Vegas, that if I didn't have a load, then I didn't have any**

---

[3] Medina's Examination Under Oath, Transcript 9:16-21. A true and correct copy of the transcript for Medina's Examination Under Oath is attached hereto as Exhibit "**2**".

[4] *Id.*, 11:20-12:5.

[5] "Duties in the Event of an Accident or Loss" A Person Seeking Coverage Must: 1. Cooperate with us in any matter concerning a claim or lawsuit. Ex. 1.

Case 2:25-cv-01113-GMN-EJY   Document 1   Filed 06/20/25   Page 10 of 10

> **protection, I didn't have any insurance. That's what that lady told me.[6]**

40. Having been unable to resolve the dispute and having no other adequate remedy at law, SOUTHWIND now seeks declaratory relief with respect to SOUTHWIND's contractual duties and obligations to Defendant.

## PRAYER FOR RELIEF

WHEREFORE, SOUTHWIND prays as follows:

1. For a judicial declaration that SOUTHWIND has no duty to defend or indemnify To Auto Transport, LLC pursuant to SOUTHWIND RISK RETENTION GROUP, INC's Commercial Automobile Insurance Policy No. SWR-FL-0002142-23 or any other policy for the claims and damages arising out of the Incident that occurred on July 27, 2024;

2. For a judicial declaration that SOUTHWIND has a right to reimbursement for attorneys' fees, costs, and sums incurred by SOUTHWIND for the purpose of defending Defendant To Auto Transport, LLC for claims and damages arising out of the Incident that occurred on July 27, 2024;

3. For costs of suit herein incurred; and

4. For such other and further relief as the Court deems just and proper.

Dated: June 20, 2025

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ Jonathan W. Carlson
Jonathan W. Carlson
Nevada Bar No. 10536
Cara T. Laursen
Nevada Bar No. 14563
7160 Rafael Rivera Way, Suite 320
Las Vegas, Nevada 89113
Telephone: (702) 949-1100
Attorneys for SOUTHWIND RISK RETENTION GROUP, LLC

11688309.2

---

[6] Medina EUO Tr., Ex. 2, 14:15-25.

COMPLAINT FOR DECLARATORY RELIEF