McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Jonathan W. Carlson
Nevada Bar No. 10536
  *jonathan.carlson@mccormickbarstow.com*
Cara T. Laursen
Nevada Bar No. 14563
  *cara.laursen@mccormickbarstow.com*
7160 Rafael Rivera Way, Suite 320
Las Vegas, Nevada 89113
Telephone:     (702) 949-1100
Facsimile:      (702) 949-1101

Attorneys for SOUTHWIND RISK RETENTION GROUP, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SOUTHWIND RISK RETENTION GROUP, INC., <br><br>Plaintiff, <br><br>v. <br><br>TO AUTO TRANSPORT, LLC, a Florida limited liability company, <br><br>Defendants. | Case No. 2:25-cv-01113-GMN-EJY <br><br>**SOUTHWIND RISK RETENTION GROUP, INC.'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT** |

Plaintiff Southwind Risk Retention Group, Inc., by and through its counsel of record, McCormick Barstow Sheppard Wayte & Carruth, LLP, and pursuant to Federal Rule of Civil Procedure 55(b)(2), hereby applies to this Honorable Court for the entry of Default Judgment in favor of Plaintiff and against Defendant To Auto Transport, LLC ("Defendant"). This application is made as said Defendant has been defaulted in this matter for its failure to timely appear in this action. (Doc. 8).

I.      **FACTUAL BACKGROUND/PROCEDURAL HISTORY**

This matter arises out of a motor vehicle accident that occurred on or about July 27, 2024. The owner of Defendant To Auto Transport, LLC, Antonio Labrada Medina, while operating a 2022

1  RAM ProMaster Cargo Van, was involved in a rear-end collision at or near the intersection of Lone
2  Mountain Road and Valley Drive in Las Vegas, Nevada.  [Doc. 1, ¶2].  Non-parties Mayelin
3  Socarras Valle, Bryan Suarez Socarras, and Mileydis Suarez Rodriquez (collectively "Claimants")
4  allege that they were rear-ended by Mr. Medina while travelling eastbound on Lone Mountain Road
5  and approaching Valley Drive resulting in personal injury. [Doc. 1, ¶2].  At the time of the Incident,
6  Mr. Medina was admittedly not engaged in the hauling of cargo or under dispatch, but rather on a
7  personal trip to visit his brother who lives in Las Vegas, Nevada.  [Doc. 1, ¶3].  After learning that
8  there is no coverage if not under dispatch, Mr. Medina thereafter attempted to recant his earlier
9  admission and assert he was under dispatch at the time of the Incident.  However, no information or
10 documentation was provided by Mr. Medina despite numerous requests for the same.  [Doc. 1, ¶4].

11        At all times relevant, Southwind Risk Retention Group, Inc. issued a Commercial
12 Automobile Insurance Policy bearing Policy No. SWR -FL-0002142-23 to Defendant To Auto
13 Transport, LLC with effective dates of November 15, 2023 to November 15, 2024 (the
14 "Commercial"). [Doc. 1, ¶16].  The Commercial Policy is subject to certain limitations of coverage
15 including an exclusion of coverage for property damage, bodily injury, or any other claim which
16 arises from an occurrence where the vehicle is not deemed "under dispatch" or "not hauling cargo."
17 [Doc. 1, ¶5].  The Commercial Policy is also deemed void at any time, including after the occurrence
18 of any accident or loss, if the insured makes incorrect statements or misrepresentations to Southwind
19 Risk Retention with regard to any material fact or conceals or misrepresents any material fact or
20 circumstance. [Doc. 1, ¶6].

21        Pursuant to the terms of the Commercial Policy, Southwind Risk Retention Group filed its
22 Complaint for Declaratory Judgment on June 20, 2025, seeking judgment from this Court declaring
23 that Defendant To Auto Transport, LLC is not entitled to any defense or indemnity from claims
24 arising out of the motor vehicle accident that occurred in Las Vegas, Nevada on July 27, 2024. [Doc.
25 1].  The Summons and Complaint were properly served upon Defendant To Auto Transport, LLC
26 on or about July 21, 2025.  [Doc. 5].  Proof of Service of the Summons and Complaint was filed
27 with this Court on July 25, 2025.  [Doc. 5].   Defendant failed to respond to the Complaint and the
28 time permitted for responding to the Complaint has expired.    As a result, Default was entered on

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7160 Rafael Rivera Way, Suite 320
Las Vegas, NV 89113

September 3, 2025. [Doc. 8].

## II.LEGAL AUTHORITY

**Rule 55.  Default; Default Judgment**

[…]

(b) Entering A Default Judgment.

[…]

(2) *By the Court*.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or be a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A)  conduct an accounting;
(B)  determine the amount of damages;
(C)  establish the truth of any allegation by evidence; or
(D)  investigate any other matter.

FRCP 55(b)(2).  Here, as indicated, Defendant has failed to timely file any responsive pleading, and the Court has already entered default.    The Court is bestowed with the authority to enter a default judgment when a party has failed to timely respond to a Complaint.  This application does not request that default judgment be entered against a minor or incompetent person.  Therefore, Plaintiff Southwind Risk Retention Group, Inc. respectfully requests that this Court enter Default Judgment against Defendant To Auto Transport, LLC declaring that Southwind Risk Retention Group has no duty to indemnify or defend any party in connection with the events giving rise to the motor vehicle accident that is the subject to this Complaint.

## III.CONCLUSION

Having failed to timely respond to Southwind Risk Retention Group, Inc.'s Complaint and Default being entered against Defendant To Auto Transport, LLC, Plaintiff Southwind Risk Retention Group respectfully requests that the Court now enter Default Judgment against Defendant

1  To Auto Transport, LLC pursuant to FRCP 55(b) indicating that Southwind Risk Retention Group
2  has no duty to indemnify or defend any party in connection with the events giving rise to Plaintiff
3  Southwind Risk Retention's Complaint.

4    September 11, 2025

             McCORMICK, BARSTOW, SHEPPARD,
             WAYTE & CARRUTH LLP


       By      /s/ Jonathan W. Carlson
             Jonathan W. Carlson
             Nevada Bar No. 10536
             Cara T. Laursen
             Nevada Bar No. 14563
             7160 Rafael Rivera Way, Suite 320
             Las Vegas, Nevada 89113
             Tel. (702) 949-1100

             Attorneys for SOUTHWIND RISK RETENTION
             GROUP, INC.

# **PROOF OF SERVICE**

**STATE OF NEVADA, COUNTY OF CLARK**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Clark, State of Nevada. My business address is 7160 Rafael Rivera Way, Suite 320, Las Vegas, NV 89113.

On September 11, 2025, I served true copies of the following document(s) described as **APPLICATION FOR DEFAULT JUDGMENT** on the interested parties in this action as follows:

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

TO AUTO TRANSPORT, LLC.
C/O Antonio Labrada Medina – Registered Agent
24569 Borough Park Drive #1331
Spring, Texas 77380

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 11, 2025, at Las Vegas, Nevada.

      /s/ Cheryl A. Schneider
Cheryl A. Schneider, an employee of McCormick Barstow, LLP

12004458.1