**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SOUTHWIND RISK RETENTION GROUP, INC.,<br><br>Plaintiff,<br>vs.<br><br>TO AUTO TRANSPORT, LLC,<br><br>Defendant. | Case No.: 2:25-cv-01113-GMN-EJY<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT** |

Pending before the Court is the Motion for Default Judgment, (ECF No. 9), filed by Plaintiff Southwind Risk Retention Group, Inc. Defendant To Auto Transport, LLC did not appear in this action or file a Response. For the reasons discussed below, the Court DENIES Plaintiff's Motion for Default Judgment without prejudice.

## I. BACKGROUND

On June 20, 2025, Plaintiff, an insurance corporation, initiated this action by filing a Complaint against Defendant, its insured. (*See generally* Compl., ECF No. 1). Plaintiff alleges that Defendant was involved in an automobile collision in July 2024. (*Id.* 30). The three occupants of the other vehicle filed claims seeking compensation from Plaintiff under the insurance policy it issued to Defendant ("the Policy"). (*Id.* ¶ 32).

In its Complaint, Plaintiff seeks (1) a declaration from the Court that Plaintiff has no duty to defend or indemnify Defendant under the Policy for any claims and damages arising out of the collision, (2) a declaration from the Court that Plaintiff "has a right to reimbursement for any attorneys' fees, costs, and sums" it incurs in the course of defending Defendant for any claims and damages arising out of the collision, and (3) the "costs of suit herein incurred." (*Id.* 10:7–17).

Defendant failed to answer or otherwise appear in this case. Plaintiff moved for entry of default, and the Clerk of Court entered default on September 3, 2025, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Mot. Entry Default, ECF No. 6); (Entry of Default, ECF No. 8). Plaintiff now moves for default judgment under Federal Rule of Civil Procedure 55(b). (Mot. Default J., ECF No. 9).[1]

## II. LEGAL STANDARD

Obtaining default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure ("FRCP"). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Entry of default is only appropriate when a party "has failed to plead or otherwise defend." *Id.* After the clerk enters the default, the moving party must separately seek entry of default judgment from the court in accordance with FRCP 55(b). Fed. R. Civ. P. 55(b). Upon entry of the clerk's default, the court takes the factual allegations in the complaint as true, save those relating to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).

In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring a decision on the merits. *Eitel*, 782 F.2d at 1471–72.

---

[1] Notably, Plaintiff's Motion for Default Judgment asks *only* for the Court to "declar[e] that [Defendant] has no duty to indemnify or defend any party in connection with the events giving rise to" the motor vehicle collision. (*Id.* 3:20–24). It does not mention the Complaint's second and third requests for a declaration of reimbursement and the costs of suit, respectively. (Compl. 10:13–17).

## III. DISCUSSION

As an initial matter, Plaintiff has satisfied the first step of the two-step process for obtaining default judgment. Pursuant to FRCP 55(a), the Clerk of the Court correctly entered default against Defendants because they have not appeared in this case. (*See* Entry of Default). The Court first determines whether it has jurisdiction over this case before turning to the *Eitel* factors.

### A. Jurisdiction

Plaintiff asserts that the Court has subject-matter jurisdiction over this action in the form of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). A federal court must "determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If it "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Complete diversity exists between the parties: Plaintiff is a North Carolina corporation, and Defendant is a Florida limited liability company. (Compl. ¶ 7–8). But the Plaintiff fails to allege facts showing that the claim exceeds $75,000. (*See id.* ¶ 12). A mere allegation that a claim exceeds the $75,000 diversity jurisdiction threshold is insufficient. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). When an insurer seeks declaratory judgment on its duty to defend or indemnify, the amount in controversy depends on the "value of the object of the litigation": the insurer's potential liability and costs. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).

Here, the limit set by the Policy is $750,000, yet a high policy limit alone does not establish a correspondingly high amount in controversy. *See Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (holding that the maximum liability under an insurance policy "is relevant to determining the amount in controversy only if the validity of the entire insurance policy is at issue, or if the value of the underlying tort claims exceeds the

liability ceiling"). Although the Policy limit exceeds the statutory jurisdictional threshold, Plaintiff provides only a conclusory allegation that the amount in controversy is over $75,000. (Comp. ¶ 12). Plaintiff attaches no evidence thereof, such as a demand letter from the claimants, or a claim log prepared by an employee. *See, e.g.*, *Tomlinson ex rel. Young v. Geico Gen. Ins. Co.*, 433 F. App'x 499, 501 (9th Cir. 2011). Nor does Plaintiff give the Court sufficient information about the claimants' claims, such as the extent of their injuries, that would allow it to conclude "to a legal certainty" that the amount in controversy is over $75,000. *Atain Specialty Ins. Co. v. Marquez*, No. 1:19-cv-01672, 2020 WL 4897463, at *4 (E.D. Cal. Aug. 20, 2020) (concluding that the amount in controversy is satisfied in an action involving sixteen homes and real property with various types of construction defects). Plaintiff has therefore failed to establish that the Court has subject-matter jurisdiction over its claims.

**B. *Eitel* Factors**

Even if Plaintiff had corroborated the amount in controversy, its Motion for Default Judgment is insufficient on its face. The Motion does not discuss the *Eitel* factors or cite the controlling authority. *See, e.g.*, *Fid. & Deposit Co. of Md. v. F.A.S.T. Sys., Inc.*, No. 2:13-cv-00861, 2015 WL 5474467, at *1 (D. Nev. Sept. 15, 2015). "Courts regularly deny motions for default judgment that fail to cite and discuss relevant law and factors." *Michael's Gourmet Pantry, Inc. v. Back of the House, LLC*, No. 2:22-cv-01953, 2025 WL 1455411, at *1 (D. Nev. May 20, 2025); *see also Frenchans LLC v. Vestige LLC*, No. CV-22-00241, 2023 WL 3952432, at *2 (D. Ariz. Jan. 25, 2023) (citing district court cases throughout the Ninth Circuit that denied motions for default judgment for "failure to present a sufficient discussion of the relevant factors"). Indeed, beyond merely the *Eitel* factors, the Motion for Default Judgment fails to include "any citation to law" or "any further significant discussion" that builds on the Complaint. *Frenchans*, 2023 WL 3952432, at *2.

Accordingly, Plaintiff's Motion for Default Judgment is DENIED without prejudice for lack of subject matter jurisdiction and failure to address the *Eitel* factors.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 9), is **DENIED** without prejudice. Plaintiff may file a renewed motion for default judgment that establishes the Court's subject-matter jurisdiction over this case and addresses the *Eitel* factors, no later than October 2, 2026. Failure to timely file a renewed motion may result in dismissal.

**DATED** this __1__ day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT